IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KIMBERLY EVANS BAKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. _____ |
| v. ) | |
| ) | |
| STATE OF DELAWARE ) | TRIAL BY JURY DEMANDED |
| DEPARTMENT OF CORRECTION, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

### Nature of the Case

1. This is a civil action seeking damages for discrimination on the basis of sex under provisions of Title VII of the Acts of the United States Congress known as the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"). The discrimination affected the terms, conditions and privileges of the plaintiff's employment with the State of Delaware, Department of Correction ("DDOC") by being exposed to conditions that unreasonably interfered with the performance of her work and created an intimidating, hostile, and offensive working environment. This action also seeks damages and other relief for retaliation against the plaintiff for action protected by Title VII.

2. The plaintiff seeks damages and other appropriate legal and equitable relief, including attorneys' fees, pursuant to 42 U.S.C. § 2000e.

### Jurisdiction and Venue

3. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343.

4. Venue is appropriate in this district since all the acts alleged in this complaint

occurred within the District of Delaware.

5. All predicates to jurisdiction have been satisfied. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about November 29, 2000. On December 4, 2003, the EEOC issued a determination finding that plaintiff had been retaliated against in violation of Title VII. The United States Department of Justice issued a Notice of Right to Sue to the plaintiff on or about May 11, 2005. This notice was received on May 17, 2005.

## Parties

6. Plaintiff Kimberly Evans Baker ("Baker") is a resident of the State of Delaware.

7. The DDOC is an agency of the State of Delaware, and the employer of Baker during all events relevant to this litigation.

## Factual Background

8. Baker began her employment with DDOC in June 1998 with the Sussex House Arrest Unit as a Probation and Parole Officer.

9. In August 2000, Baker complained that she was subjected to daily comments and other forms of sexual harassment by a male supervisor, all apparently designed so that Baker would agree to have a sexual relationship with him.

10. The offensive conduct included graphic verbal comments of a sexual nature, inappropriate touching and sharing of photographs of a naked former employee with whom the supervisor claimed to have had a sexual relationship.

11. Subsequent to Baker's complaint, the supervisor who harassed her was allegedly disciplined by the DDOC.

12. Subsequent to her complaint, Baker was also subjected to less favorable treatment by her direct supervisor and co-workers. In addition, Baker was repeatedly required to respond to disciplinary charges for conduct that was not materially different from that of other DDOC employees who were neither investigated nor disciplined.

13. During all times relevant to this complaint, the DDOC did not have an adequate policy or complaint procedure for employees subjected to sexual harassment.

14. The DDOC has a practice of failing to prevent retaliation against its employees who have complained of sexual harassment and other forms of misconduct by fellow employees. In fact, the DDOC has a practice of freely disseminating information about internal complaints made by its employees in an effort to discourage employees from making complaints.

15. Likewise, the DDOC has a practice of commencing internal investigations and imposing discipline against employees who make internal complaints as a means of discouraging them and other employees from filing or continuing to pursue their complaints.

16. As a DDOC employee who complained about a co-worker's conduct, Baker was subjected to a pattern of retaliatory conduct that ultimately caused her to resign from her position in 2005.

## COUNT I – SEXUAL HARASSMENT

17. Plaintiff incorporates the allegations of paragraphs 1 - 16 of the complaint as if fully restated herein.

18. The above-described actions of discrimination, intimidation and harassment constitute violations of plaintiff's right to be free from sexual harassment in the workplace under Title VII.

19. As a direct and proximate result of the defendant's unlawful acts, the plaintiff has

been injured and has suffered, and will continue to suffer, pain, fear, humiliation, mental and emotional distress, as well as lost wages.

## COUNT II - RETALIATION

20. Plaintiff incorporates the allegations of paragraphs 1 - 19 of the complaint as if fully restated herein.

21. The above-described acts of retaliation constitute violations of plaintiff's right to be free from retaliation for having complained about discriminatory conduct in the workplace in violation of Title VII.

22. As a direct and proximate result of the defendant's unlawful acts, the plaintiff has been injured and has suffered, and will continue to suffer, pain, fear, humiliation, mental and emotional distress, as well as lost wages.

WHEREFORE, plaintiff requests that this Court enter judgment for compensatory and punitive damages in an amount to be determined at trial. Plaintiff also asks that the Court grant appropriate equitable relief, and that attorneys' fees and costs be assessed against the defendant.

SMITH, KATZENSTEIN & FURLOW LLP

/s/ Laurence V. Cronin

Laurence V. Cronin (ID No. 2385)
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, DE 19899 (Courier 19801)
Telephone: 302-652-8400
Telecopy: 302-652-8405
Email: LVC@skfdelaware.com
Attorneys for Plaintiff

Date:   July 21, 2005